#0994402

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2017 APR 21  AM 1: 15

DEPUTY CLERK _____

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Trenton Harris, | Civil Action No.: _____ |
| **Plaintiff,** | |
| v. | **3-17CV1067-G** |
| CNU of Texas, LLC<br>Defendant. | **COMPLAINT** |

For this Complaint, the Plaintiff, Trenton Harris, states as follows:

## JURISDICTION

1.    This action arises out of Defendant's repeated violations of the

Telephone Consumer Protection Act, 47 U.S.C. 227 §, et seq. (the "TCPA")

by negligently, knowingly, and/or willfully placing automated calls to

Plaintiff's cellular phone without consent, thereby violating the TCPA, and

the invasions of the Plaintiff's personal privacy.

2.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) & (c),

because Plaintiff resides within the Northern District of Texas, a substantial

portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly transacts business in this District.

# PARTIES

3.    The Plaintiff, TRENTON HARRIS ("Plaintiff" or "Mr. Harris"), is an adult individual residing in Dallas, Texas, and is a "person" as defined by 47 U.S.C. § 153(39).

4.    Defendant CNU OF TEXAS, LLC ("Defendant" or "CASHNET", is doing business in the State of Texas.

5.    Defendant is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39).

6.    CASHNET at all times acted by and through one or more collectors.

# FACTS

7.    Beginning in and around February, 2017, CASHNET placed calls to Plaintiff's cellular telephone, number 858-335-9276.

8.    At all times mentioned herein, CASHNET called Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

9.    On February 14, 2017, in a three minute phone call that began at 2:21 p.m., Plaintiff called the Defendant and spoke with a CASHNET

representative (the "February 14, 2017 Call"). During this call the Plaintiff advised CASHNET to cease all further communications and revoked consent to call him on his cell phone.

10.     Furthermore, on February 21, 2017, a letter was sent by certified mail return receipt requested (the "February 21, 2017 letter"). This letter was received by the Defendant and signed for on February 24, 2017. In this letter the Plaintiff again advised CASHNET to cease all communications and stop all further calls to his cell phone.

11.     Plaintiff continued receiving daily automated phone calls on his cell phone from CASHNET despite his requests to cease all communications.

12.     In specific, the Plaintiff documented the following illegal communications from CASHNET:

a. On February 15, 2017, at 2:33pm Plaintiff received a phone call on his cell phone from 1-866-653-2116. Plaintiff did not answer the phone. Plaintiff looked up the phone number and found it to be the Defendant's phone number. Defendant hung up and did not leave a message.

b. On February 16, 2017, at 9:05am Plaintiff received a phone call on his cell phone from Defendant's phone number.

c. On February 17, 2017, at 9:28am Plaintiff received a phone call on his cell phone from Defendant's phone number.

d. On February 23, 2017, at 9:03am Plaintiff received a phone call on his cell phone from Defendant's phone number.

e. On February 24, 2017, at 1:31pm Plaintiff received a phone call on his cell phone from Defendant's phone number.

f. On February 28, 2017, at 1:12pm Plaintiff received a phone call on his cell phone from Defendant's phone number.

g. On March 1, 2017, at 12:46pm Plaintiff received a phone call on his cell phone from Defendant's phone number.

h. On March 2, 2017, at 12:34pm Plaintiff received a phone call on his cell phone from Defendant's phone number.

i. On March 3, 2017, at 1:22pm Plaintiff received a phone call on his cell phone from Defendant's phone number.

j. On March 7, 2017, at 10:41am Plaintiff received a phone call on his cell phone from Defendant's phone number.

k. On March 8, 2017, at 10:27am Plaintiff received a phone call on his cell phone from Defendant's phone number.

l. On March 9, 2017, at 10:30am Plaintiff received a phone call on his cell phone from Defendant's phone number.

m. On March 10, 2017, at 11:50am Plaintiff received a phone call on his cell phone from Defendant's phone number.

n. On March 13, 2017, at 11:51am Plaintiff received a phone call on his cell phone from Defendant's phone number.

o. On March 14, 2017, at 11:59am Plaintiff received a phone call on his cell phone from Defendant's phone number.

p. On March 15, 2017, at 12:08pm Plaintiff received a phone call on his cell phone from Defendant's phone number.

q. On March 16, 2017, at 12:20pm Plaintiff received a phone call on his cell phone from Defendant's phone number.

r. On March 17, 2017, at 11:43am Plaintiff received a phone call on his cell phone from Defendant's phone number.

s. On March 20, 2017, at 10:23am Plaintiff received a phone call on his cell phone from Defendant's phone number.

t. On March 21, 2017, at 10:45am Plaintiff received a phone call on his cell phone from Defendant's phone number.

u. On March 22, 2017, at 12:37pm Plaintiff received a phone call on his cell phone from Defendant's phone number.

v. On March 23, 2017, at 3:01pm Plaintiff received a phone call on his cell phone from Defendant's phone number.

w. On March 24, 2017, at 11:54am Plaintiff received a phone call on his cell phone from Defendant's phone number.

x. On March 27, 2017, at 3:14pm Plaintiff received a phone call on his cell phone from Defendant's phone number.

y. On March 28, 2017, at 2:51pm Plaintiff received a phone call on his cell phone from Defendant's phone number.

z. On March 29, 2017, at 2:30pm Plaintiff received a phone call on his cell phone from Defendant's phone number. A woman calling herself "Jasmine" from "CNU" left a at 28 second pre-recorded voicemail message stating there was a "time sensitive issue to discuss" and provided a phone number to call, which was 1-888-801-9078, a phone number belonging to Defendant.

aa. On March 30, 2017, at 4:05pm Plaintiff received a phone call on his cell phone from Defendant's phone number.

bb. On April 3, 2017, at 4:17pm Plaintiff received a phone call on his cell phone from Defendant's phone number.

cc. On April 5, 2017, at 5:53pm Plaintiff received a phone call on his cell phone from Defendant's phone number.

13.    Plaintiff was contacted nearly every day after the Defendant was placed on notice that he revoked permission to contact him on his cell phone.

# THE TELEPHONE CONSUMER PROTECTION

# ACT OF 1991

14.    In 1991, Congress enacted the TCPA in response to a growing

number of consumer complaints regarding telemarketing practices.

15.    The TCPA regulates the use of automated telephone dialing

systems.

16.    47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system

("ATDS") as equipment having the capacity –

(A)    to store or produce telephone numbers to be called, using

random or sequential number generator; and

(B)    to dial such numbers.

17.    Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an

ATDS or an artificial or prerecorded voice to a cellular phone without prior

express consent by the person being called, unless the call is for an

emergency.

18.    According to the Federal Communications Commission, such calls

are prohibited because automated or prerecorded telephone calls are a

greater nuisance and invasion of privacy than live solicitation calls. The

FCC also recognized that wireless customers are charged for incoming calls.[1]

19.    On January 4, 2008, the FCC released a Declaratory Ruling where it confirmed that autodialed and prerecorded calls to a wireless number by a creditor, or on behalf of a creditor, are permitted only if the calls are made with the "prior express consent" of the called party.[2]

20.    On July 10, 2015, the FCC issued FCC Order 15-72 where the FCC[3] stated that "a caller may not limit the manner in which revocation of prior express consent to call may occur" and that the "burden is on the caller to prove it obtained the necessary prior express consent". *Id.* at ¶ 30.

21.    Further, consumers (the Plaintiff) may revoke consent through any reasonable means. *Id.* at ¶ 47.

22.    Nothing in the language of the TCPA of its legislative history supports the notion that Congress intended to override a consumer's common law right to revoke consent. *Id.* at ¶ 58.

---

[1] Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Red 14014 (2003).

[2] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 23 FCC Red 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[3] Declaratory Ruling and Order, Adopted June 18, 2015, and Released July 10, 2015 regarding *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, WC Docket No. 07-135 (https://apps.fcc.gov/edocs_public/attachmatch/FCC-15-72A1.pdf).

23.     Some consumers may find unwanted intrusions by phone more offensive than home mailings because they can cost them money and because, for many, their phone is with them at almost all times. *Id.* at ¶ 61.

24.     Consumers have a right to revoke consent, using any reasonable method including orally or in writing. *Id.* at ¶ 64.

# ALLEGATIONS APPLICABLE TO ALL TCPA COUNTS

25.     The Plaintiff received numerous calls from the Defendant to his cell phone.

26.     It is believed that the Defendant employs an automatic telephone dialing system ("ATDS") which meets the definition set forth in 47 U.S.C. § 227(a)(1).

27.     Defendant or its agent(s) contacted Plaintiff on Plaintiff's cell phone number ending in "9276" via an ATDS as defined by 47 U.S.C. § 227(a)(1), as prohibited by 47 U.S.C. § 227(b)(1)(A).

28.     On February 14, 2017, in a three-minute phone call that began at 2:21pm., Plaintiff called the Defendant and spoke with a CASHNET representative. During this call the Plaintiff instructed Defendant and/or its

agent(s) not to call the Plaintiff's cell phone again thereby revoking

consent, if any ever existed, to be contacted by Defendant via an ATDS.

29.     On February 21, 2017, Plaintiff mailed a letter certified mail return

receipt requested that requested Defendant cease all further

communications and stop calling the Plaintiff's cell phone.

30.     Defendant continued to place calls to the Plaintiff's cellular phone

without consent using an ATDS in violation of the TCPA numerous times

thereafter.

31.     Defendant's ATDS has the capacity to store or produce telephone

numbers to be called, using a random or sequential number generator.

32.     The telephone number that Defendant used to contact Plaintiff was

and is assigned to a cellular telephone service as specified in 47 U.S.C. §

227(b)(1)(A)(iii).

33.     Defendant's calls to Plaintiff's cellular telephone were not for

"emergency purposes."

34.     Pursuant to the TCPA and the FCC's January 2008 Declaratory

Ruling, the burden is on Defendant to demonstrate that it had prior express

consent to call Plaintiff's cell phone with an ATDS.

# <u>COUNT I</u>

# VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – (47 U.S.C. § 227, *et seq.*)

35.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

36.     Defendant negligently placed multiple automated calls to Plaintiff's cell phone without Plaintiff's prior express consent.

37.     Each of the aforementioned calls by the Defendant constitutes a negligent violation of the TCPA.

38.     As a result of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

39.     Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct by Defendant in the future.

# COUNT II

# Knowing and/or Willful Violations of the Telephone Consumer Protection Act, (47 U.S.C. § 227, *et seq.*)

40.    Plaintiff repeats and reallages the above paragraphs of this Complaint and incorporates them herein by reference.

41.    Defendant knowingly and/or willfully placed multiple automated calls to Plaintiffs cell phone without Plaintiff's prior express consent.

42.    Each of the aforementioned calls by the Defendant constitutes a knowing and/or willful violation of the TCPA.

43.    As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

44.    Plaintiff is entitled to seek injunctive relief prohibiting such conduct by Defendant in the future.

# PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future.

2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C)

4. Actual damages from the Defendant for all the damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

5. Punitive damages; and

6. Such other and further relief that the court deems appropriate.

Date: April 21, 2017

Respectfully submitted,

Trenton Harris
Phone: (858) 335-9276
Email: trenttharris@yahoo.com

8516 Westfield DR
Dallas, TX 75243
Trent Harris

JS 44 (Rev. 08/16) - TXND (Rev. 12/16)

# CIVIL COVER SHEET

RECEIVED
APR 2 1 2017
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Trenton Harris

**DEFENDANTS**
CMU of Texas, LLC

**(b)** County of Residence of First Listed Plaintiff County of Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

3-17CV1067-G

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 USC 227 (TCPA)
Brief description of cause:
Violations of the Telephone Consumer Protection Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE April 21, 2017
SIGNATURE OF ATTORNEY OF RECORD Trenton Harris

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____